# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CA 11-0024-C |
| | : | |
| MICAH JAEL WALL, et al., | : | |
| Defendants. | : | |

## CONSENT FINAL JUDGMENT

The above-entitled cause having come before the Court upon the application of the parties for the entry of Judgment upon consent and a *pro ami* hearing having been conducted on May 19, 2011, the parties' Joint Motion to Approve Final Judgment (Doc. 32) is **GRANTED** and this consent final judgment is entered based upon the findings and conclusions set forth hereinafter.

This is an Interpleader action filed by The Prudential Insurance Company of America ("Prudential"), pursuant to the provisions of Rule 22 of the Federal Rules of Civil Procedure, to discharge its acknowledged liability for the payment of death benefits in the amount of $125,000.00 payable on account of the death of William Ellis (the "Insured") under Prudential Group Policy number G-43939-

1

AR issued to Wal-Mart Stores, Inc. (the "Group Policy"), which is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (Doc. 1.) All defendants have been served with process, are properly before the Court, and have appeared and asserted their independent claims of entitlement. (*See* Docs. 3-6, 25 & 27.) On February 15, 2011, Prudential deposited into the Registry of this Court the amount of $141,837.78 (the "Death Benefit"), consisting of the total death benefits payable under the Group Policy in the amount of $125,000.00, together with accrued claim interest in the amount of $16,837.78, in full satisfaction and discharge of all obligations of Prudential to defendants herein and all other persons for the payment of the Death Benefit under the Group Policy. (*See* Doc. 21.)

The defendants have agreed to resolve their respective claims of entitlement and have determined who shall receive the Death Benefit. The Court now enters its Judgment in this cause based upon the parties' consent and approval as set forth herein.

## **FINDINGS OF FACT**

1.     Prudential is a corporation organized and existing under the laws of the State of New Jersey, with its principal office and place of business in Newark, New Jersey. (Doc. 1, ¶ 1.)

2. Defendant Micah Jael Wall ("Micah"), an adult individual, resides in Daphne, Alabama. (Doc. 1, ¶ 2.) Micah has been adjudicated the common law wife of the Insured (*see* Doc. 35, Exhibit 1, March 24, 2011 DECREE, at ¶ 2 ("Upon consideration of all of the evidence presented in the case, the Court is convinced that the evidence in favor of the common law marriage when it is weighed against the evidence opposing the common law marriage produces a firm conviction of each element required for a common law marriage and a high probability that the Court's conclusion is correct. The Court therefore determines that Jael Wall has met her burden of proof in this Estate proceeding and that she was the common law wife of William Edward Ellis.")) and is named in this action as a putative beneficiary (Doc. 1, ¶ 2). Micah is also the mother of Defendants V.R.E. and W.C.E., minors. (*Compare* Doc. 1, at ¶¶ 3-4 *with* Doc. 27, at 3.)

3. Defendant V.R.E., a minor, currently resides in Daphne, Alabama. (Doc. 1, ¶ 3.) V.R.E. is the daughter of Micah and the Insured and is named in this action as a putative beneficiary. (*Id.*)

4. Defendant W.C.E., a minor, resides in Daphne, Alabama. (Doc. 1, ¶ 4.) W.C.E. is the son of Micah and the Insured and is named in this action as a putative beneficiary. (*Id.*)

5. Brenda Pierce, Esquire, was duly appointed by this Court as guardian *ad litem* for the minor defendants, V.R.E. and W.C.E., on February 25, 2011, to represent their interests in this matter. (Doc. 25.)

6. Prudential provided Group Life Insurance coverage through Group Policy number G-43939-AR issued to Wal-Mart Stores, Inc. (Doc. 1, Exhibit A.)

7. At all times relevant hereto, the life of the Insured was covered under the Group Policy for Basic Life Insurance Benefits in the amount of $50,000.00 and Optional Life Insurance Benefits in the amount of $75,000.00. (*See id.*)

8. On or about October 26, 2005, the Insured designated Micah as the beneficiary for the Basic Life Insurance Benefits payable under the Group Policy. (Doc. 1, Exhibit B.)

9. The Insured did not designate a beneficiary for the Optional Life Insurance Benefits payable under the Group Policy at that time. (*See id.*)

10. On or about October 26, 2009, the Insured died and, at that time, total death benefits in the amount of $125,000.00 became payable. (*Compare* Doc. 1, Exhibit C *with* Exhibit A.)

11. The Insured was found to have died as the result of "[t]oxic effects of Methadone." (Doc. 1, Exhibit C, Supplemental Medical Certification.)

12. Following the Insured's death and prior to filing this action, Prudential was informed by the Baldwin County District Attorney's Office that Micah may be charged with manslaughter, criminally negligent homicide and unlawful distribution of a controlled substance in connection with the Insured's death.

13. To date, Micah has only been charged with negligent homicide in connection with the Insured's death. (*See, e.g.,* Doc. 1, ¶ 17.)

14. The October 26, 2005 beneficiary designation for Basic Life Insurance Benefits was the only designation in effect at the time of the Insured's death. (*See* Doc. 1, Exhibit B.)

15. The Group Policy provides that any amount of insurance for which there is no beneficiary "will be payable to the first of the following: [] (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." (Doc. 1, Exhibit A, at 19.)

16. On or about December 18, 2009, Micah submitted a claim for the Basic Life Insurance Benefits portion of the Death Benefit. (Doc. 1, Exhibit D.)

17. On or about January 2, 2010, Micah also submitted a Preferential Beneficiary's Affidavit for the Optional Life Insurance Benefits portion of the

Death Benefit on behalf of herself as the Insured's common law spouse and V.R.E. and W.C.E., the Insured's children. (Doc. 1, Exhibit E.)

18. Micah has alleged that she is entitled to the Death Benefit because she has not been charged with any crime in connection with the Insured's death which would result in a finding that she "feloniously and intentionally" killed the Insured. (*See, e.g.,* Doc. 27, at 3-4.) Further, Micah alleges that she is entitled to the Optional Life Insurance Benefits portion of the Death Benefit because she is the Insured's common law spouse. (*Compare id.* at 4 *with* Doc. 35, Exhibit 1, DECREE, at ¶ 2.)

19. Prudential claims no title or interest in the Death Benefit payable under the Group Policy on account of the death of the Insured and has filed this action only to protect itself from the possibility of multiple liability in connection with the Death Benefit due to the competing claims made by or available to Micah, on the one hand, and the minor defendants, on the other. (*See, e.g.,* Doc. 1, ¶¶ 26-28 & pp. 5-6.)

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and this cause of action. No questions exist as to misjoinder or nonjoinder of parties.

2. All parties are properly represented and properly before this Court.

3. This is a proper action in Interpleader under the provisions of Rule 22 of the Federal Rules of Civil Procedure and Prudential has interpleaded the parties and deposited into the Registry of this Court the Death Benefit, together with accrued claim interest thereon, in full satisfaction and discharge of its liability to defendants and all other persons by reason of the death of the Insured.

4. The allocation, distribution and disbursement of the Death Benefit on deposit in the Registry of this Court as hereinafter provided and consented to by the defendants represents a fair and reasonable settlement of all adverse and conflicting claims of entitlement asserted in this cause and all claims asserted against Prudential regarding the Group Policy and/or payment of the Death Benefit on account of the death of the Insured.

5. Brenda Pierce, Esquire, in her capacity as court-appointed guardian *ad litem* for the minor defendants, V.R.E. and W.C.E., has authority to fully bind the minors' interests in this matter and accepts the distribution as described herein in full satisfaction of any claims that the minors might otherwise have held or asserted against Prudential related to the Group Policy and/or the Death Benefit, including any accrued claim interest thereon.

6. During the *pro ami* hearing conducted on May 19, 2011 in accordance with Alabama law, *compare Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001)

("Under Alabama law, a hearing to determine the fairness of a settlement must be held in order for that settlement to be binding on a minor party, even where the minor is represented by a next friend or other guardian.") *with Large v. Hayes ex rel. Nesbitt*, 534 So.2d 1101, 1105 (Ala. 1988) ("This Court has recognized the special nature of an attempted settlement of a minor's claim. Before such a settlement can be approved, there must be a hearing, with an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor."), Ms. Pierce, as guardian *ad litem* for the minor defendants, set forth in detail the reasons why this settlement is fair and in the best interests of the minor children of the Insured, V.R.E. and W.C.E. The Court agrees with Ms. Pierce's assessment and specifically finds that the parties' settlement of this matter is fair and in the best interests of the minor defendants, V.R.E. and W.C.E.

Accordingly, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. This Court has jurisdiction over the parties and this cause.

2. This is a proper action in Interpleader pursuant to the provisions of Rule 22 of the Federal Rules of Civil Procedure.

3. Prudential is authorized and empowered to deposit the Death Benefit into the Registry of this Court and having deposited the Death Benefit,

together with accrued claim interest, is hereby declared and determined to have satisfied and discharged all obligations to the defendants and all other persons whomsoever related to the Group Policy and/or the payment of the Death Benefit under the Group Policy on account of the death of the Insured.

    4.    The Clerk of Court is hereby authorized and directed to disburse the Death Benefit on deposit in the Registry of this Court as follows:

    a.    $7,500 of the Death Benefit shall be distributed into an interest-bearing account in the name of V.R.E. to be held by the Court until V.R.E. reaches the age of majority, at which time she can apply to the Court for disbursement of these funds;[1]

    b.    $7,500 of the Death Benefit shall be distributed into an interest-bearing account in the name of W.C.E. to be held by the Court until W.C.E. reaches the age of majority, at which time he can apply to the Court for disbursement of these funds;[2]

    c.    The remaining Death Benefit, in the amount of $126,837.78, together with any interest which has accrued on the Death Benefit since its

---

[1] When V.R.E. reaches majority she should file a motion with this Court requesting disbursement of the funds set aside for her benefit and attach thereto proof of age and her social security number.

[2] Likewise, when W.C.E. reaches majority he should file a motion with this Court requesting disbursement of the funds set aside for his benefit and attach thereto proof of age and his social security number.

deposit into the Court's registry, less the Court's 10% managing assessment, shall be issued to "Stankoski, LLP, as Attorneys for Micah Wall" and sent to Joshua P. Myrick, Esquire, Stankoski, LLP, P.O. Box 529, Fairhope, Alabama 36533.

5. Within fourteen (14) days of Prudential's receipt of a copy of this Consent Judgment executed and filed by the Court <u>and</u> receipt of an invoice setting forth the fees incurred by Brenda Pierce, Esquire, as guardian *ad litem* in this matter, Prudential shall make payment of Ms. Pierce's fees directly to her. However, any such payment pursuant to this paragraph shall not exceed $800.00.

6. Micah, V.R.E and W.C.E., and all parties claiming by, through or under them are hereby permanently enjoined from making and release Prudential from any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that Micah, V.R.E. and W.C.E., and all parties claiming by, through or under them, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential in respect to the Group Policy or the payment of the Death Benefit under the Policy.

7. Upon entry of this Judgment by the Court, all claims of Micah, V.R.E. and W.C.E., and all parties claiming by, through or under them against Prudential and each other relating to the Group Policy and/or Death Benefit shall be dismissed with prejudice.

8. Upon entry of this Judgment by the Court, all claims of Prudential against Micah, V.R.E. and W.C.E., and all parties claiming by, through or under them relating to the Group Policy and/or Death Benefit shall be dismissed with

prejudice.

**DONE** this the 23rd day of May, 2011.

        <u>s/WILLIAM E. CASSADY</u>
        **UNITED STATES MAGISTRATE JUDGE**


THIS JUDGMENT, ITS TERMS, CONTENTS AND THE ENTRY THEREOF ARE CONSENTED TO BY ALL PARTIES.